THE STATE, EDMUND H. CLARKE, PROSECUTOR, v. THE LONG BRANCH COMMISSIONERS.

Where a city charter provides that public notice shall be given of the introduction of all ordinances for street improvements, an ordinance introduced upon a notice not indicatory of the substance of the ordinance will be set aside.

On *certiorari*.

Argued at the February Term, 1892, before Justices DIXON, REED and GARRISON.

For the prosecutor, *John E. Lanning.*

For the defendants, *C. Ewing Patterson.*

The opinion of the court was delivered l>

GARRISON, J.   This writ brings up two ordinances of the Long Branch commissioners.   The first in point of time was passed July 7th, 1890, and was entitled "An ordinance determining and establishing the grade on Washington Street." This ordinance must stand upon section 61 of the amended charter of the Long Branch commissioners, which gave to the board of commissioners authority to grade or otherwise improve streets.   By the provisions of section 62 all ordinances introduced under the preceding section are void unless public notice thereof shall have been given in a prescribed manner. *Pamph. L.* 1875, *p.* 502.   No notice of the presentation of the ordinance of July 7th, 1890, was given.   It is, therefore, null and void and will be set aside.

The second ordinance was passed November 17th, 1890, and is entitled "An ordinance for the construction of a sidewalk on Washington Avenue," and provides that sidewalks shall be made on both sides of Washington avenue upon a grade to be established by the city surveyor and street commissioners.   Prior to the introduction of this ordinance public notice was given of the intended introduction of an ordinance providing for the altering of the grade of the sidewalks on Washington street and the establishment of a fixed and permanent grade therefor.   This notice, it will be perceived, in nowise supports the ordinance which was passed upon November 17th. The notice was for an ordinance fixing a lawful and permanent grade.   The ordinance as introduced and passed was for the construction of walks upon a grade not fixed by the board of commissioners, but left to the discretion of the city surveyor and street commissioners, officials who, by the municipal charter, have no such power.   For this reason the ordinance must be set aside.

It also appears by the return that prior to the introduction of the ordinance of November 17th, 1890, a grade had been established by ordinance for Washington street and that the street had been built upon.   If so, under section 65 of the charter the grade could not be changed without paying damages

and an ordinance providing for the change but making no provision for the adjustment of damages is an unlawful enactment. *Mulligan* v. *Perth Amboy*, 23 *Vroom* 132.

This ordinance is bad for another reason. Section 65 provides that when an application for a change of grade is made not by three-fourths of the owners of lands affected the board of commissioners may, without such application, change an existing grade by a three-fourths vote of the board, which was the case here, and that in such event the costs and expenses shall be paid by the commissioners and one-half thereof shall be assessed upon the land fronting upon said street in proportion to any benefit. Now, it is evident that an assessment may be divided among lands in proportion to benefits and yet may be, as to each land owner, in excess of actual benefits received. But it is not necessary to consider this constitutional question, for the reason that the ordinance itself throws the whole cost of improvement upon the land owner without respect either to the provisions of the charter or to the costs incident to the change of grade or of benefits received.

Both ordinances will be set aside, with costs.